## THE STATE, DEFENDANT IN ERROR, v. JOSEPH PALERMA AND SANTUS SANTORIA, PLAINTIFFS IN ERROR.

Submitted March 22, 1915—Decided June 14, 1915.

On error to the Supreme Court.

For the plaintiffs in error, *Lehlbach & Van Duyne*.

For the defendant in error, *Wilbur A. Mott,* assistant prosecutor of the pleas.

PER CURIAM.

The plaintiffs in error were convicted of grand larceny in the Essex Quarter Sessions and brought error to the Supreme Court, where the judgment was affirmed in a *per curiam* opinion. They then brought the case to this court on error, and assigned four reasons for reversal. The first was general,

that the judgment rendered was contrary to law. The second, that there was no evidence to sustain a verdict of guilty. The third, that the verdict was contrary to the evidence. The fourth, that the trial judge erroneously charged as to the effect of their plea of guilty to a charge of disorderly conduct in the recorder's court of Orange. This was the only error assigned and argued in the Supreme Court and was dealt with in that court's *per curiam,* which is as follows:

"The defendants were convicted of grand larceny in the Essex County Quarter Sessions Court. The case is before us on bills of exception and under the 136th section of the Criminal Procedure act. The prosecuting witness, Fabbo, met the defendants, strangers to him, on Main street, Orange. One of them requested Fabbo to change a five dollar bill. Fabbo did so and showed a roll of bills amounting to thirty dollars. As he was about to replace the money in his pocket, one of the defendants cautioned him against carrying so much money loose, and taking the money from Fabbo, seemingly wrapped it in a handkerchief and put it into Fabbo's pocket. Fabbo then started on his way home but before reaching there he discovered that the handkerchief contained nothing more than strips of newspaper, rolled in such a manner as to feel and appear like money. He immediately retraced his steps and espied the two men with whom he had the transaction and made for them, whereupon they took to their heels. Fabbo gave them chase and on the way picked up a revolver which he claims one of the fugitives dropped in his flight and fired one shot at them. The defendants were arrested and arraigned in the police court on a charge of disorderly conduct, growing out of the shooting, to which charge they pleaded guilty. On the trial of the indictment for larceny against them, in the Quarter Sessions, they were permitted to explain why they pleaded guilty to the charge of disorderly conduct in the police court. The only error assigned and argued by counsel of plaintiffs in error relates to an exception taken to that part of the judge's charge where he instructed the jury as follows: 'If they pleaded guilty to the charge in the Recorder's Court of Orange and if that court had

complete jurisdiction over that charge, and if it were disorderly conduct growing out of their alleged shooting, then they are bound by the judgment of the Orange court and their plea of guilty therein and cannot deny it. But they may explain their part in the transaction. They may explain that while they may have been guilty of the disorderly conduct charged and so pleaded, they pleaded for the reason that they thought they would be brought into the trouble and therefore they desired to plead as the simplest and easiest way out of the difficulty.' We find no error in this, of which the plaintiffs in error can be heard to complain. The fact that the defendants pleaded guilty to a charge of disorderly conduct in the police court was first brought out by counsel of defendants, on his cross-examination of Fabbo. The plaintiffs in error testified in their own behalf. Each, on his direct examination, testified that he pleaded guilty to a charge of disorderly conduct and each denied that he was guilty of the charge and was permitted to explain why he pleaded guilty. We think the court stated the effect of their plea of guilty with great latitude and most beneficially to the defendants. Further it is to be observed that the trial judge put a decided check upon any evidential value that the plea of guilty in the police court might have had when he left it to the jury to decide as a question of fact whether the defendants' were engaged in the shooting. For this was the basis of the charge of disorderly conduct, and if the jury found that they were not so engaged, then the fact that they pleaded guilty was not to weigh with them in considering the guilt or innocence of the defendants of the charge on which they were being tried.

"The judgment will be affirmed."

As to the first reason, we think the judgment under review was not contrary to law, but was in accordance with it. As to the second and third, we think there was evidence to sustain the verdict, and that the verdict was not contrary to the evidence. The third reason, so far as it may be intended to involve the weight of the evidence, could only be considered on a rule to show cause. As before remarked,

there was evidence to sustain the conviction. As to the fourth, this alleged error was properly disposed of by the Supreme Court, and while other errors besides this one were assigned here, the only one argued was that with which the Supreme Court dealt.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 12.

*For reversal*—None.